Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd. Suite 213
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiffs
Joseph Simko and Jacob Swearingen

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Joseph Simko**, an Arizona resident; **Jacob Swearingen**, an Arizona resident; <br><br>Plaintiffs, <br><br>v. <br><br>**World Class Car Wash, LLC** an Arizona limited liability company; and **Robert Salvato,** an Arizona resident; <br><br>Defendants. | Case No. <br><br><br><br>**VERIFIED COMPLAINT** <br><br><br><br>**(Jury Trial Requested)** |

Plaintiffs Joseph Simko and Jacob Swearingen, for their Verified Complaint against Defendants, hereby allege as follows:

**NATURE OF THE CASE**

1. Plaintiffs brings this action against Defendants for their unlawful failure to pay overtime and minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely payment of wages under the Arizona Wage Statute,

A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2. This action is brought to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

3. This action is also brought to recover minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

4. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Plaintiffs' state law claims are sufficiently related to their federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiffs' claims under the Arizona Minimum Wage Statute and the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiffs were employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff Joseph Simko ("**Simko**") resided in the District of Arizona.

9. Simko was a full-time employee of Defendants from on or around January

15, 2016 until on or about June 11, 2017.

10.     At all relevant times, Simko was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1).

11.     At all relevant times, Simko was an employee of Defendants defined under the Arizona Minimum Wage Statute and Arizona Wage Statute.

12.     At all relevant times to the matters alleged herein, Plaintiff Jacob Swearingen ("**Swearingen**") resided in the District of Arizona.

13.     Swearingen commenced employment with Defendants on or around July 1, 2014 and currently remains a full-time employee.

14.     At all relevant times, Swearingen was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1).

15.     At all relevant times, Swearingen was an employee of Defendants defined under the Arizona Minimum Wage Statute and Arizona Wage Statute.

16.     Defendant World Class Car Wash, LLC is an Arizona limited liability company, authorized to do business in Arizona, and was Plaintiffs' employer as defined by 29 U.S.C. § 203(d), the Arizona Minimum Wage Statute, and Arizona Wage Statute.

17.     Defendant Robert Salvato is an Arizona resident.  He has directly caused events to take place giving rise to this action.  Robert Salvato is the owner of World Class Car Wash, LLC.

18.     Under the FLSA, Defendant Robert Salvato is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant Robert Salvato is the owner of World Class Car Wash, LLC.  He determined the method and rate of Plaintiff's payment of wages.

As person who acted in the interest of World Class Car Wash, LLC in relation to the company's employees, Robert Salvato is subject to individual and personal liability under the FLSA.

19. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

20. Defendants, and each of them, are sued in both their individual and corporate capacities.

21. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

22. At all relevant times, Defendants have been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

**FACTUAL ALLEGATIONS**

23. Defendant World Class Car Wash, LLC provides washing and detailing services on cars and other motor vehicles.

24. On or around January 15, 2016, Simko began employment with Defendants as an employee.

25. Simko's primary job duties included washing, drying, and detailing of all vehicles by hand.

26. On June 11, 2017, Simko was terminated from World Class Car Wash, LLC.

27. On or around July 1, 2014, Swearingen began employment with Defendants as an employee.

28. Swearingen's primary job duties included washing, drying, and detailing of all vehicles by hand.

29. At all relevant times, Plaintiffs were non-exempt employees and were paid at varying rates dependent upon the number of days per week they worked.

30. For example, if Plaintiffs worked five days per week, they were paid at a rate of $2.50 per hour; if Plaintiffs worked four days per week, they were paid at a rate of $2.00 per hour; and if Plaintiffs worked three days per week, they were paid at a rate of $1.80 per hour- all of which are below the Arizona's and the FLSA's minimum wage requirements.

31. As a result of only receiving between $1.80 per hour and $2.50 per hour for all hours worked in a given workweek, an FLSA and Arizona minimum wage violation has occurred.

32. Simko earned less than $455 per workweek, which is less than the salary-basis for exempt employees.  Therefore, Simko, regardless of his job duties and responsibilities, was a non-exempt employee pursuant to the FLSA.

33. Swearingen earned less than $455 per workweek, which is less than the salary-basis for exempt employees.  Therefore, Swearingen, regardless of his job duties and responsibilities, was a non-exempt employee pursuant to the FLSA.

34. At all relevant times during Plaintiffs' employment, Defendants failed to properly compensate Plaintiffs Federal and Arizona minimum wage.

35. At all relevant times during Plaintiffs' employment, Defendants failed to properly compensate Plaintiffs for all their overtime hours.

36. Defendants were aware that Plaintiffs' working hours routinely exceeded 40 hours, and required them to work overtime as a condition of their employment.

37. Defendants wrongfully withheld wages from Plaintiffs by failing to pay all wages due for minimum wage and overtime hours Plaintiffs worked.

38. Defendants refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

39. Defendants' failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA, Arizona Minimum Wage Statute, and the Arizona Wage Statute were willful.

## COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

40. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

41. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the FLSA.

42. Plaintiffs were employees entitled to the statutorily mandated minimum wage.

43. Defendants have intentionally failed and/or refused to pay Plaintiffs minimum wage according to the provisions of the FLSA.

44. As a direct result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by not receiving proper compensation in accordance with 29 U.S.C.§ 206.

45. In addition to the amount of unpaid minimum wage owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

46. Defendants' actions in failing to properly compensate Plaintiffs, in violation

of the FLSA, were willful. Defendants knew Plaintiffs were not being compensated properly for time worked and failed to pay proper minimum wages. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

47. Defendants have not made a good faith effort to comply with the FLSA.

48. Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

49. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

50. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the FLSA.

51. Plaintiffs were non-exempt employees entitled to the statutorily mandated overtime wage.

52. Defendants have intentionally failed and/or refused to pay Plaintiffs overtime wages according to the provisions of the FLSA.

53. As a direct result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

54. In addition to the amount of unpaid overtime wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

55. Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful. Defendants knew Plaintiffs were not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime

wages. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

56. Defendants have not made a good faith effort to comply with the FLSA.

57. Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT III
### (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

58. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

59. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

60. Defendants intentionally failed and/or refused to pay Plaintiffs minimum wage according to the provisions of the Arizona Minimum Wage Statute.

61. In addition to the amount of unpaid minimum wage owed to Plaintiffs, they are entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

62. Plaintiffs are also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT IV
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

63. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

64. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the Arizona Wage Statute.

65. Defendants were aware of their obligation to pay timely wages pursuant to

A.R.S. § 23-351.

66. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiffs.

67. Defendants failed to timely pay Plaintiffs their wages due without a good faith basis for withholding the wages.

68. Defendants have willfully failed and refused to timely pay wages due to Plaintiffs. As a result of Defendants' unlawful acts, Plaintiffs are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206;

iii. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

iv. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207;

v. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

vi. willfully violated minimum wage provisions of the Arizona Minimum

Wage Statute;

vii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiffs;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiffs' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and A.R.S. § 12-341.01 and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED October 20, 2017.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
   14500 N. Northsight Blvd. Suite 213
   Scottsdale, AZ 85260
   Attorneys for Plaintiffs

## VERIFICATION

Plaintiffs Joseph Simko and Jacob Swearingen declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Joseph Simko

_____
Jacob Swearingen